## MAYOR AND COUNCIL OF THE TOWN OF BAYOU SARA *v.* C. E. TOORAEN.

The 7th Section of the Act of the Legislature of the 13th March, 1850, incorporating the town of Bayou Sara, authorizes the imposition of one tax upon a store in which goods are retailed, and not as many distinct taxes as there are distinct kinds of goods retailed in the store.

APPEAL from the District Court of the parish of West Feliciana, *Sterling*, J.   *U. B. & E. Phillips*, for plaintiffs.   *Brewer & Collins*, for defendant and appellant.

BUCHANAN, J.   This is an appeal from a judgment for sixty-nine dollars, involving a question of the constitutionality and legality of taxes imposed by a municipal corporation.

The town of Bayou Sara was incorporated by Act of the Legislature of the 13th March, 1850.   (Session Acts, page 76.)

By the 7th Section of that Act, the Mayor and Council of the town of Bayou Sara " are authorized and empowered to lay and collect a yearly tax on all property, slaves, professions, capital and buildings, also upon all taverns, grog-shops, retailing stores, commission merchants, public houses, and also upon all public drays, carts, and wagons; and also to lay and collect such other taxes within the limits of said town, the imposition and collection of which may not be inconsistant with the Constitution and laws of this State, for such amounts as the Mayor and Council may deem necessary, observing, however, equality in the assessment and collection thereof."   The defendant keeps one retailing store in Bayou Sara, in which a general assortment of goods is sold, as usual

in country places: and he has been assessed in six distinct taxes upon said retail store for the year 1852, as follows:

<div style="text-align:right; float:right"></div>

| For selling liquors, | | | | | | | $14 00 |
| " dry-goods, | | | | | | | 20 00 |
| " groceries, | | | | | | | 14 00 |
| " hardware, | | | | | | | 7 00 |
| " jewelry, | | | | | | | 7 00 |
| " saddlery, | | | | | | | 7 00 |
| | | | Total, | | | | $69 00 |

and he prosecutes this appeal from a judgment condemning him to pay the said taxes, on the ground that the same are illegal.

The Statute quoted above authorizes the corporation of Bayou Sara to lay and collect a yearly tax on retail stores. This only authorizes the imposition of one tax upon a store in which goods are retailed, and not as many distinct taxes as there are distinct kinds of goods retailed in the store. Such taxation is manifestly oppressive. The subdivision of the object taxed might be carried to any conceivable extent, if this system were once recognized as correct under the law—thus instead of selling liquors, the party might be taxed for selling brandy, wine, gine, whiskey, &c., and instead of dry-goods, for selling linens, cottons, woollens, silks, &c., *ad infinitum*. Certainly, this did not enter into the contemplation of the legislator.

The municipal ordinance in virtue of which these taxes have been claimed is before us, and appears to have provided for the taxation of every possible kind of store—rating dry-goods stores at so much, groceries at so much, &c. We do not understand this ordinance as sanctioning a cumulation of all these different assessments upon one store, contrary to the charter above quoted. The assessor would have been simply justifiable in imposing the highest rate of taxation applicable to the store, supposing its stock of goods to have been entirely composed of either one of the numerous articles comprised in its assortment. He has not made a selection, and we cannot do so. Our duty is confined by the Constitution to pronouncing upon the legality of the tax as assessed.

It is therefore decreed, that the judgment appealed from be reversed; that there be judgment for defendant, as in case of nonsuit, and that all costs be paid by plaintiffs and appellees.